IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERESA ANN ERICKSON,

    Plaintiff,

v.                                         Civil Action No. 5:14CV74
                                                         (STAMP)
CAROLYN M. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Teresa Ann Erickson, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleged disability since March 15, 2009 because of mucosa-associated lymphoid tissue lymphoma ("MALT"), irritable bowel syndrome ("IBS"), fibromyalgia, chronic fatigue syndrome, generalized anxiety disorder, major depressive disorder, anxiety, carpal tunnel syndrome, rheumatoid arthritis, and bursitis in the hips. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that

the plaintiff was not disabled under the Social Security Act. The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council remanded the case for another hearing before the ALJ. The Appeals Council directed the ALJ to do the following: (1) reevaluate the treating source opinion from Edward R. Shaman, M.D.; (2) further evaluate the plaintiff's severe impairments, specifically the plaintiff's fibromyalgia and carpal tunnel syndrome; (3) update the record as to the plaintiff's fibromyalgia, carpal tunnel syndrome, and IBS; and (4) further evaluate the plaintiff's subjective complaints and obtain supplemental evidence from a vocational expert to clarify the effect of assessed limitations on the plaintiff's occupational base.

At the second hearing, the plaintiff was again represented by counsel. The plaintiff again testified on her own behalf, as did a different vocational expert. The ALJ again issued a decision finding that the plaintiff was not disabled under the Social Security Act. The plaintiff appealed the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge Robert W. Trumble for submission of proposed findings of fact and recommendation for disposition

pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and that this action be remanded to the Commissioner for further action. Upon submitting his report, Magistrate Judge Trumble informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within 14 days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. Neither party filed objections.

## II. Facts

The plaintiff is a single forty-four year old woman who has four children. Previously, the plaintiff was a homemaker but has also worked as a waitress, baker/cook/server, as a server/worker for hotel food service, and in retail sales. The plaintiff has a significant medical history relating to her physical impairments starting in 2009 when she was diagnosed with MALT while living in Minnesota. Further, the plaintiff underwent numerous evaluations related to her mental impairments. The magistrate judge has set forth a detailed history regarding both. ECF No. 16 at 3-31.

In the second administrative hearing, the plaintiff testified that since her diagnosis in 2009, she has not worked except for a failed attempt in 2010 which was curtailed because she was unable to keep a job as a waitress because of her alleged limitations. The plaintiff further testified that her impairments make it difficult to work as she has significant pain and swelling in her hands, has to use the restroom frequently, and has to lie down frequently because of the effect of her medications and her chronic fatigue.

The vocational expert testified that the plaintiff was unable to perform her past relevant work. However, based on a hypothetical provided by the ALJ, the vocational expert testified that there would be jobs in the regional or national economy that could be performed given the restrictions presented by the ALJ. The plaintiff's attorney then questioned the vocational expert, adding restrictions to the ALJ's hypothetical, and the vocational expert found that if those limitations were considered, those jobs previously mentioned would not exist.

Further evidence regarding the plaintiff's day-to-day activities was also provided at the second administrative hearing. This evidence shows that the plaintiff can perform some light cooking, light chores, and short trips to complete errands. The plaintiff also testified that she goes without eating to ensure that she does not have to use the restroom while completing

errands. Additionally, two letters were submitted by the plaintiff's long-time friend who described the plaintiff's current condition and the plaintiff's 2010 employer who stated that the plaintiff departed her job due to health related limitations.

The ALJ utilized the five-step evaluation process required by the Social Security Administration in making his decision and considering the evidence in this case. The ALJ found that the plaintiff has not engaged in substantial gainful activity since her most recent application for SSI. Further, the ALJ found that the plaintiff had the following severe impairments: residual effect, status post remote (2005) cervical spine fusion surgery at C2-4; generalized osteoarthritis/question of fibromyalgia and chronic fatigue; "mild" right carpal tunnel syndrome; IBS; MALT; question of rheumatoid arthritis; major depressive/dysthymic disorder(s); and generalized anxiety/posttraumatic stress disorder(s). However, the ALJ found that the plaintiff's impairments individually, or in combination, did not meet the severity threshold required to provide SSI.

The ALJ found that the plaintiff has the residual functional capacity ("RFC") to perform sedentary level work although she cannot perform any "vocationally relevant" past work. Given the plaintiff's RFC, age, level of education, and work experience, the ALJ found that she remained capable to work as there were jobs that exist in significant numbers within the national economy that she

can perform. Thus, the ALJ found that the plaintiff has not been under a disability as defined in the Social Security Act.

In her motion for summary judgment, the plaintiff asserts that the ALJ incorrectly considered and weighed the opinions of the plaintiff's treating physicians. Further, the plaintiff argues that the ALJ failed to comply with the Appeals Council's June 1, 2012 remand order ("remand order"). The defendant contends that the ALJ's decision is supported by substantial evidence and that the ALJ followed the remand order and the Commissioner's regulations.

In reviewing the plaintiff's argument regarding the ALJ's compliance with the remand order, the magistrate judge performed a harmless error analysis in conformity with a recent United States District Court for the Southern District of West Virginia opinion. In applying the harmless error rule, the magistrate judge found that the ALJ failed to comply with the remand order as to three of the four Appeals Council directives. Further, the magistrate judge found that the ALJ's failure to comply with those directives resulted in harm to the plaintiff as the ALJ's decision was not supported by substantial evidence. As such, the magistrate judge recommended that this action be remanded for further consideration by the ALJ.

For the reasons that follow, this Court finds that the magistrate judge's report and recommendation should be affirmed and

adopted. Thus, the defendant's motion for summary judgment should be denied, the plaintiff's motion for summary judgment should be granted, and this case remanded to the ALJ for further consideration.

## III. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## IV. Discussion

A. Application of the Harmless Error Rule

In the report and recommendation, the magistrate judge noted that there is a split among federal courts as to whether the failure to follow an Appeals Council's remand order may serve as an independent ground for reversal absent other error. The Social Security regulations state that the "administrative law judge shall take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). As the magistrate judge found, some courts have interpreted this section as requiring remand if the directives are not followed by the ALJ whereas other courts have found that an inquiry regarding substantial evidence is still required. See

Mortise v. Astrue, 713 F. Supp. 2d 111, 123 (N.D.N.Y. 2010); cf. Huddleston v. Astrue, 826 F. Supp. 2d 942, 954 (S.D.W. Va. 2011).

The magistrate judge determined that a finding that the ALJ's decision was supported by substantial evidence is still required even where the ALJ failed to follow the directives of a remand order. The magistrate judge thus completed a harmless error analysis in conjunction with a review for substantial evidence based on the Southern District of West Virginia's application of the harmless error rule in Huddleston. Id.

This Court finds that the magistrate judge's use of the harmless error rule was not clearly erroneous or contrary to law as there is a split among the courts at this time. Further, in the context of Social Security disability determinations, the United States Court of Appeals for the Fourth Circuit has employed a harmless error analysis. See Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) (unpublished); Bishop v. Barnhart, 78 F. App'x 265, 268 (4th Cir. 2003) (unpublished). As such, it was not clear error for the magistrate judge to conduct a harmless error analysis in this action.

B. ALJ's Noncompliance With the Remand Order

The magistrate judge found that the ALJ failed to follow the remand order. The ALJ did not follow the remand order directives to give further consideration to the plaintiff's diagnosis of fibromyalgia, specifically, whether the condition was severe; to

8

update the record concerning the plaintiff's fibromyalgia; and to further consider the plaintiff's RFC in support of assessed limitations evaluating the plaintiff's treating source opinions. A review of the remand order and the ALJ's decision supports the magistrate judge's finding that the ALJ did not follow the remand order directives and thus this Court finds that the magistrate judge's finding was not in clear error.

C. <u>Substantial Evidence Threshold</u>

The magistrate judge found that the ALJ's decision was not supported by substantial evidence and thus the ALJ's failure to consider the directives set forth in the remand order was not harmless error.

An ALJ's findings will be upheld if supported by substantial evidence. See <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). The ALJ is required to consider all relevant evidence and probative exhibits. <u>Arnold v. Secretary</u>, 567 F.2d 258, 259 (4th Cir. 1977). A court "cannot determine if findings are supported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence." <u>Gordon v. Scweiker</u>, 725 F.2d 231, 235 (4th Cir. 1984).

1. <u>Fibromyalgia</u>

The ALJ found that the plaintiff's treating physicians' fibromyalgia diagnoses were questionable and thus rejected them. However, the magistrate judge found that the ALJ failed to address other evidence that contradicted that finding, specifically, a 2010 fibromyalgia diagnosis by the Mayo Clinic. The magistrate judge also found that the fact that a nurse practitioner conducted the fibromyalgia evaluation at the Mayo Clinic, despite the defendant's argument otherwise, does not explain the ALJ's failure to consider the report as the ALJ did not provide such an explanation. Additionally, the magistrate judge correctly noted that such evidence, even if not conducted by an approved medical provider, may still be used to help evaluate the severity of a person's condition.

This Court agrees with the magistrate judge that the ALJ is to consider and discuss all relevant evidence, especially when the remand order focused on such evidence and specifically mentioned the consideration of the plaintiff's fibromyalgia claim in its directives. Thus, the magistrate judge's finding that it cannot be determined whether the ALJ's decision was supported by substantial evidence as to the reliability of the plaintiff's fibromyalgia diagnosis is not clearly erroneous.

2. <u>Plaintiff's RFC Assessment</u>

The magistrate judge found that it was unclear whether or to what extent the ALJ considered the plaintiff's fibromyalgia in formulating his RFC. Again, the ALJ was required to consider all relevant evidence to assess the plaintiff's RFC. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). Further, the magistrate judge found that it was unclear to what extent the plaintiff's carpal tunnel syndrome was considered. The magistrate judge reviewed the various medical records available in this action regarding the plaintiff's carpal tunnel syndrome and noted the failure of the ALJ to discuss a majority of that evidence. Thus, the magistrate judge found that the ALJ's RFC assessment was not supported by substantial evidence. Based on a review of the record, this Court finds that such a finding was not made in clear error.

3. <u>Evaluation of Treating Source Opinions</u>

The ALJ assigned the opinion of the plaintiff's treating physician, Dr. Shaman, little weight because he found that it was inconsistent with the evidence and was based on the plaintiff's subjective complaints. The magistrate judge found that this finding was not supported by substantial evidence. The magistrate judge found that the ALJ failed to support his analysis with the evidence in the record. For instance, the ALJ had noted that there was no evidence that the plaintiff needed to lie down more than four of every eight hours and thus discredited Dr. Shaman's report.

11

However, the magistrate judge and this Court reviewed the evidence and no such specific recommendation is included in Dr. Shaman's opinion. Additionally, contrary to the ALJ's finding, there is significant evidence that Dr. Shaman conducted several objective tests and examinations that did not rely on the plaintiff's subjective complaints.

Moreover, the magistrate judge is correct in finding that the ALJ failed to properly consider the other treating and agency sources. The ALJ failed to provide full explanations and instead provided superficial reasons for finding that one medical source should be given more weight than another. As such, this Court agrees with the magistrate judge that the ALJ's evaluation of the treating sources in this case was not supported by substantial evidence and thus the magistrate judge's decision was not in clear error.

## V. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is DENIED. The plaintiff's motion for summary judgment is GRANTED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

12

As such, on remand, the Commissioner is DIRECTED to review and follow the directives of the Appeals Council's June 1, 2012 remand order. The Commissioner should give further consideration to all evidence relevant to the plaintiff's fibromyalgia diagnosis, including the August 10, 2010 Mayo Clinic evaluation, with specific consideration to whether it is a medically determinable impairment and if so, whether such impairment is severe. The Commissioner should also further consider the plaintiff's residual functional capacity in light of the assessed limitations, including limitations associated with the plaintiff's fibromyalgia, carpal tunnel syndrome, and irritable bowel syndrome. Additionally, the Commissioner should further consider and weigh all medical opinions contained in the record pursuant to 20 C.F.R. § 416.927 and SSRs 96-2p and 96-5p. Finally, the Commissioner should reassess the plaintiff's credibility in light of the entire record.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 24, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE